

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

March 11, 1953

Hon. C. H. Cavness
State Auditor
Capitol Station
Austin, Texas

Opinion No. S-17

Re: Legality of treating funds the
United States Government is
obligated to pay for student
tuitions as being moneys col-
lected for the purpose of de-
termining public junior college
appropriations.

Dear Sir:

You have requested an opinion of this office on three ques-
tions involving the construction of Sections 3(a) and 4 of Article IV of
House Bill Number 426 of the 52nd Legislature. This bill was enacted
as Chapter 499, Acts of the 52nd Legislature, 1951, page 1228. You ask
in substance the following questions:

1. In view of the provisions of Sections 3(a) and 4 of Ar-
ticle IV, Chapter 499, Acts of the 52nd Legislature, may the semester
hours taken by military enlisted personnel be counted in arriving at
the per capita apportionment for the colleges attended by such person-
nel? The tuition and fee expenses of military enlisted personnel are
paid in part by the student and in part by the Government, in payments
made directly to the school.

2. In view of the provisions of Sections 3(a) and 4 of Ar-
ticle IV, Chapter 499, Acts of the 52nd Legislature, are military enlisted
personnel who are non-residents of Texas eligible to have their semester
hours counted in determining the apportionment due the junior college
from the State per capita appropriation? Such students pay a part of
their tuition and fee expenses when they enroll. The remaining expenses
are paid to the school directly by the Government at the conclusion of
each semester.

3. Some of the non-resident students attending State-supported junior colleges pay their non-resident tuition fees in periodic installments through the semester. May the non-resident tuition fees be counted in proportion to the amount paid prior to November 1st in determining the school's per capita apportionment?

The applicable portions of Sections 3(a) and 4 of Article IV, Chapter 499, Acts of the 52nd Legislature, 1951, page 1228 at pages 1444-1445, provide as follows:

"Sec. 3. It is further provided that to be eligible for and to receive a proportionate share of this appropriation, a Public Junior College shall:

"(a) Prior to November 1st of each year, collect matriculation and other session fees not less than the amounts provided for by law for State-supported institutions of higher learning (for full-time and for part-time students) from each enrolled student, except this shall not apply to any student who may be exempt from the payment of such fees by State law;

"Sec. 4. . . . The term 'full-time student equivalent' as herein used shall be defined as a student taking fifteen (15) semester hours of approved courses; and the number of full-time student equivalents for any Junior College to be benefited by this Article shall be determined by dividing by fifteen (15) the total number of semester hours of approved courses carried by all eligible students as of November 1st in each fiscal year, except that not more than eighteen (18) semester hours being carried on that date by any individual student shall be counted, nor shall the semester hours carried by any student in excess of a total of sixty-six (66) semester credit hours earned in a Public Junior College be counted; and provided further that the count of semester hours shall not include those being carried by any students who have not made timely compliance with the requirements of Section 3(a) above, nor those being carried by any students (except Voca-

tional Rehabilitants) whose tuition and fee expenses are
paid by the United States Government."

It is evident from a reading of Article IV of Chapter 499,
Acts of the 52nd Legislature, 1951, together with Section 4 of Article
2654b-1, Vernon's Civil Statutes, that it was the legislative intent to
provide a per capita apportionment for each student enrolled in a junior
college. The State would pay the apportionment directly to the school,
except in certain instances in which the government would pay directly
to the school the cost of instruction for particular students. Att'y. Gen.
Op. V-1507 (1952). The present question covers an instance where the
government pays the tuition and fee expenses, in part, of certain mili-
tary enlisted personnel, such payments being made directly to the school.
By express words in the appropriation act students who have their tui-
tion and fee expenses paid by the United States Government cannot have
their semester hours considered in determining the per capita appor-
tionment to be paid to the school. The fact situation differs from that
discussed in Attorney General's Opinion No. V-1507 (1952) in that the
present payments by the Government are directly to the school, while
the payments by the Government under the "G. I." (Teague) Bill, dis-
cussed in Attorney General's Opinion No. V-1507 (1952) were made
directly to the student. It would seem that the legislature intended that
each student should receive a per capita apportionment to the school to
cover his costs of instruction. It also appears to be the legislative in-
tent that in certain circumstances the costs of such instruction were not
to be paid by the State. One of those circumstances is when the tuition
and fee expenses of a student are paid directly to the school by the United
States Government.

Since we have answered the first question in the negative,
the same reasons compel the answer to the second question in the nega-
tive.

The third question involves civilian non-resident students
attending State-supported junior colleges. Section 3(a) of the Appropria-
tion Act provides that a Public Junior College shall, prior to November
1st of each year, collect matriculation and other session fees not less
than the amounts provided for by law (Art. 2654c, V.C.S.) from each en-
rolled student (with certain exceptions not here involved.) Section 4 of

the Appropriation Act provides that in determining the per capita apportionment to which each school is entitled the semester hours carried by <u>eligible</u> students <u>as of November 1st</u> will be counted (emphasis added), and this limitation is repeated in a negative proviso in the conclusion of the same section, ". . . provided further that the count of semester hours shall not include those being carried by any students who have not made timely compliance with the requirements of Section 3(a) above . . ." A non-resident student such as you inquire about is not an "eligible" student until his enrollment is completed. His enrollment is not completed until his fees are paid. If the fees are not paid prior to November 1st the student is not eligible to have his semester hours considered in determining the credit hours earned by his school. Until the student becomes "eligible" by paying all of his fees, none of his hours may be counted as hours of an eligible student.

## SUMMARY

The semester hours carried by a student in a Public Junior College who has his tuition and fee expenses paid directly to the school by the United States may not be considered in determining the semester credit hours earned by the school.

A non-resident student whose matriculation and other session fees are not paid in full prior to November 1st is not an eligible student whose semester hours may be considered in determining the credit hours earned by his school.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

C. K. Richards
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

BEL:da

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Billy E. Lee*
    Billy E. Lee
        Assistant